SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–2663 PA (MANx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | Tony Wingfield v. Target Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal filed by defendant Target Corp. ("Removing Defendant") on April 16, 2009. (Docket No. 1.) Removing Defendant[1] asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

---

[1]    The second defendant, Eric Holm, asserts that he has not been served with the underlying state court complaint ("Complaint"). (See Holm Decl. ¶ 3.)

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–2663 PA (MANx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | Tony Wingfield v. Target Corp., et al. | | |

  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Here, Removing Defendant alleges that "Plaintiff alleges in his Complaint that his primary place of residence is, and at all relevant times was, in Los Angeles, California. See Complaint, ¶ 1. Therefore, Plaintiff is a citizen of the State of California." (Notice of Removal ¶ 5.) However, the Complaint filed by plaintiff Tony Wingfield ("Plaintiff") does not state his citizenship. Rather, Plaintiff states that he "is, and at all relevant times was, an individual with his primary place of residence in Los Angeles, California." (Compl. ¶ 1.) Because a party's residence and citizenship are not necessarily the same, the jurisdictional allegations in the Complaint upon which Removing Defendant relies are insufficient to invoke this Court's jurisdiction. See Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998) ("Of course, allegations of residence are insufficient to establish jurisdiction. It is well-settled that 'when the parties allege residence but not citizenship, the court must dismiss the suit.'") (quoting Guar. Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996)).

  Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Removing Defendant has not met its burden to establish this Court's jurisdiction. See Harris, 425 F.3d at 694. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC408925, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.